IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

CHAD FAGAN                                                                                                   PLAINTIFF

VS.                                                                          CAUSE NO.: _____

TRANS UNION, LLC and
I.C. SYSTEM, INC.                                                                                        DEFENDANTS

**COMPLAINT**

COMES NOW Plaintiff Chad Fagan (hereinafter "Plaintiff" or "Fagan"), by counsel, and, for cause of action against Defendants Trans Union, LLC (hereinafter "Trans Union") and I.C. System, Inc. (hereinafter "I.C. System"), states the following:

1.

Plaintiff Chad Fagan is an adult resident citizen of Portland, Michigan, which is located within the Western District of Michigan.

2.

Defendant Trans Union, LLC is a Delaware corporation registered to do business in the State of Michigan which may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process, at 601 Abbott Road, East Lansing, MI 48823.

3.

Defendant I.C. System, Inc. is a Minnesota corporation registered to do business in the State of Michigan which may be served with process upon The Corporation Company, its registered agent for service of process, at 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170.

4.

The Plaintiff is a victim of violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et*

*seq*. negligently and/or willfully committed by the Defendants.

5.

Defendant Trans Union is a consumer reporting agency, as defined by 15 U.S.C.§ 1681a. Defendant I.C. System is a furnisher of credit information

6.

The Plaintiff moved during the fall of 2017. At the time of his move, the Plaintiff had services through DirecTV. At the time he moved, the Plaintiff cancelled his services with DirecTV, paid his DirecTV account in full and returned his equipment to DirecTV.

7.

Despite having returned his equipment and having a zero balance, Defendant I.C. System began reporting to Defendant Trans Union that the Plaintiff owed a balance of $122.00 to DirecTV and that the Plaintiff's account with DirecTV was in collection. Defendant Trans Union then began to report the I.C. System collection account as part of the Plaintiff's Trans Union consumer report. This derogatory and false reporting damaged the Plaintiff's credit history.

8.

Upon learning of the inclusion of the erroneous and derogatory I.C. System collection account on his Trans Union consumer report, the Plaintiff lodged multiple disputes with Trans Union regarding the erroneous I.C. System collection account.

9.

Upon receipt of the Plaintiff's multiple disputes, 15 U.S.C. § 1681i required Defendant Trans Union to perform a reasonable investigation of the Plaintiff's disputes of the erroneous I.C. System collection and, if Defendant Trans Union could not verify the accuracy of the disputed information,

15 U.S.C. § 1681i required Defendant Trans Union to remove the disputed and erroneous I.C. System collection from the Plaintiff's consumer report.

10.

Despite the requirements of 15 U.S.C. § 1681i, Defendant Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform a reasonable investigation of the Plaintiff's disputes regarding the erroneous I.C. System collection. Trans Union's violation of 15 U.S.C. § 1681i caused the erroneous and derogatory collection to continue to be reported as part of the Plaintiff's Trans Union consumer report.

11.

15 U.S.C. § 1681i also required Defendant Trans Union to relay the Plaintiff's disputes of the erroneous I.C. System collection to Defendant I.C. System as the furnisher of the disputed information. 15 U.S.C. § 1681s-2(b) then required Defendant I.C. System to perform reasonable investigations of the Plaintiff's disputes and, if the dispute information could not be verified as accurate, cause the disputed information to be deleted from the Plaintiff's consumer reports with all consumer reporting agencies to whom I.C. System had reported the erroneous information.

12.

Defendant I.C. System negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the disputed I.C. System collection. Defendant I.C. System's violations of 15 U.S.C. § 1681s-2(b) caused the erroneous, derogatory collection to continue to be included on the Plaintiff's Trans Union consumer reports.

13.

15 U.S.C. § 1681e(b) required Defendant Trans Union to follow reasonable procedures to

assure maximum possible accuracy of the consumer reports it prepares regarding consumers such as the Plaintiff. Defendant Trans Union negligently and/or willfully violated 15 U.S.C. § 1681e(b) by reporting the erroneous I.C. System collection on the Plaintiff's consumer reports.

14.

As a result of the Defendants' negligent and/or willful violations of the Fair Credit Reporting Act, including 15 U.S.C. § 1681e(b), § 1681i and § 1681s-2(b), the Plaintiff has suffered actual damages, including the inability to purchase a home.

15.

Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Defendants' actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs. In addition, the Defendants' actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

16.

The Defendants' actions and omissions are evidence of their recklessness, gross negligence, and a wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as his emotional well being.

17.

Because of the acts and omissions of the Defendants, the Plaintiff has suffered financial loss, mental anxiety, emotional suffering, physical pain, worry, embarrassment, humiliation, and mental distress. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and post litigation attorneys' fees which, but for the acts and omissions of the Defendants alleged herein,

would not have been necessary. Further, the Defendants' acts and omissions were willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

18.

As a result of the Defendants' willful violations of 15 U.S.C. § 1681 *et seq.*, the Plaintiff is entitled to an award of punitive damages from the Defendants.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully demands damages of and from Defendants Trans Union, LLC and I.C. System, Inc. in an amount to be determined by the jury as actual and compensatory damages, and further demands judgment for punitive damages against each of the Defendants in such amount as the jury may determine appropriate to deter this conduct in the future and as allowed by law, as well as attorneys' fees and litigation expenses.

Respectfully submitted,

*/s/ Christopher E. Kittell*
CHRISTOPHER E. KITTELL, MSB # 99615
KITTELL LAW FIRM
P.O. Box 568
2464 Church Street, Suite A
Hernando, MS 38632
Phone: (662) 298-3456
Fax: (855) 896-8772
Attorney for Plaintiff